UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHERYL MARIE ADAMS, an individual,

    Plaintiff,

v.                                Case No: 2:18-cv-83-FtM-99MRM

FRITZ MARTIN CABINETRY, LLC, a Florida limited liability company and AARON J. SCHOSSAU, individually,

    Defendants.

## ORDER

This matter comes before the Court on plaintiff's Motion for Default Judgment (Doc. #24) filed on July 23, 2018. No response has been filed and the time to do so has expired. The Court finds that an evidentiary hearing is not required in this case and will render a decision based on the documents submitted.

**I.**

On February 7, 2018, plaintiff Cheryl Marie Adams filed a five-count Complaint (Doc. #1) against her former employer, Fritz Martin Cabinetry, LLC and Aaron J. Schossau (collectively "defendants"). Plaintiff alleges that Schossau was the individual who owned and/or operated Fritz and her direct supervisor with direct authority to hire and fire employees, determine work schedules, and control the finances and operations of Fritz.

(Id., ¶ 6.)  Plaintiff's Complaint seeks damages for defendants' willful failure to pay overtime compensation and minimum wage compensation under the Fair Labor Standards Act, 29 U.S.C. § 207 (FLSA), as well as for violation of Florida's Unfair and Deceptive Trade Practices Act, Fla. Stat. § 501.201 et seq. (FDUTPA), willful filing of fraudulent tax returns under 26 U.S.C. § 7434, and a for dishonored payment instrument under Fla. Stat. § 68.065.

Because defendants failed to respond to plaintiff's Complaint, Clerk's Entries of Default (Docs. ##15, 23) were entered on May 2 and July 3, 2018.  Plaintiff now moves for the entry of judgment against defendants as to Counts I (overtime), II (minimum wage), and Count V (dishonored payment) only.

When a default judgment occurs, a defendant admits the plaintiff's well-pled allegations of fact.  If liability is well pled, it is established by virtue of a default judgment. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).  The mere entry of a default by the clerk does not in itself warrant the entry of default by the Court.  Rather the Court must find that there is sufficient basis in the pleadings for the judgment to be entered." GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (citation omitted).  A complaint must state a claim in order for default judgment to be granted.  Id.

**II.**

**A. Overtime and Minimum Wage Compensation (Counts I, II)**

According to the Complaint, upon information and belief at all relevant times, defendant Fritz was an enterprise engaged in interstate commerce, or the production of goods for interstate commerce, with an annual gross revenue in excess of $500,000. (Doc. #1, ¶¶ 11-12.) In the Complaint and plaintiff's Declaration filed in support of default (Doc. #24-1), plaintiff pled and averred that she was hired in February 2017 and worked for defendants in a design position until her employment ended in August 2017. (Id., ¶ 2.) Plaintiff engaged in interstate commerce by working with out of state vendors on customer orders, working with design representative in out-of-state factories, ordering products, pricing, and consulting with representatives on customer orders. Moreover, defendants required her to travel out of state for work. (Doc. #1, ¶ 12; Doc. #24-1, ¶ 3.)

Plaintiff's primary duties included working in the showroom, liaising with vendors, customers, and potential customers regarding ordering, pricing, and design. (Doc. #1, ¶ 20.) Plaintiff did not have discretion over matters of significance, and did not supervise other employees, perform management functions, or provide significant input in the hiring or firing of other employees. (Id.) As such, for FLSA purposes, plaintiff alleges that she was not employed in a bona fide executive,

professional, or administrative capacity and defendants misclassified her as an exempt employee. (Id.)

Although plaintiff was hired for full time employment, defendants wrongfully compensated her as if she worked for defendant as an independent contractor, i.e., failing to make standard employee payroll deductions and withholdings for plaintiff, and failing to satisfy the employer's portion of plaintiff's employee payroll taxes. (Doc. #1, ¶ 14.) Therefore, for compensation purposes only, and to thwart the FLSA and taxation requirements of the state and federal governments, defendants misclassified plaintiff as an independent contractor. (Id.) Despite paying plaintiff on a salary basis at $1,200 per week, she was not at any time exempt from the minimum wage and/or overtime provisions of the FLSA. (Id., ¶ 15.) Defendants failed to provide any compensation to plaintiff for any hours worked over 40 hours a week and failed to pay her overtime. (Id., ¶¶ 16, 21, 22.) Defendants also failed to compensate plaintiff for 3.5 hours of training, and for the last two weeks of work. (Id., ¶ 17.) Moreover, although she was a salaried employee, defendants docked plaintiff's pay for holidays and any time she was not in the office. (Id., ¶ 19.)

While plaintiff has not produced any time sheets or time cards, "the employee has carried out his burden if he proves that he has in fact performed work for which he was improperly

compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Etienne v. Inter-County Sec. Corp., 173 F.3d 1372, 1373 (11th Cir. 1999) (citations omitted).  The Eleventh Circuit has held "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Patel v. Wargo, 803 F.2d 633, 637-38 (11th Cir. 1986).

The Court finds that plaintiff has adequately pled the failure to pay overtime and minimum wage compensation under the FLSA against defendants, which allegations are deemed admitted, supporting the entry of a default judgment against defendants as to Counts I and II.

With regard to damages for Counts I and II, attached as Exhibit 2 to her Declaration, plaintiff sets forth a table detailing the amount she is owed based upon her reasonable recollection of hours worked.  (Doc. #24-1, p. 5.)  Plaintiff states that she is owed unpaid overtime compensation in the amount of $1,620 for work from April 29, 2017 to August 19, 2017.  (Id.) This figure was arrived at by multiplying her effective overtime rate of $45.00 per hour by 36 hours of overtime.  Plaintiff also alleges she is entitled to and equal amount of liquidated damages of $1,620, for a total of $3,240.

With regard to minimum wage compensation, plaintiff alleges that on or about February 21, 2017, she performed 3.5 hours of training work at the owner's home for which she received no compensation. (Doc. #24-1, p. 5.) FLSA requires employers to pay their employees at least the federal or state minimum wage, whichever is greater, for every hour worked. See 29 U.S.C. §§ 206, 218(a). Florida minimum wage during this time was $8,10, and therefore plaintiff alleges she is owed $28.35 in minimum wage payments and an additional $28.35 in liquidated damages, for a total of $56.70.

**B. Compensation for Dishonored Payment (Count V)**

The Complaint alleges that on September 1, 2017, after plaintiff's employment had ended, defendants issued a check drawn on Bank of America to her in the amount of $2,400 as payment for her last two weeks of work. (Doc. #1, ¶ 18.) Plaintiff alleges that defendants (acting through Schossau) issued this check with the intent to defraud plaintiff, as defendants quickly stopped payment on the check after issuing it, without any advance notice or warning to plaintiff. (Id.) Accordingly, the check was dishonored, and plaintiff has not been compensated for her last two weeks of work. (Id.)

Plaintiff alleges defendants did this with the intent to defraud under Fla. Stat. § 68.065(3)(a), and therefore she is entitled to treble damages under the statute in the amount of

$7,200, in addition to payment of the dishonored instrument in the amount of $2,400.

Florida statute 68.065(3)(a) provides:

> In any civil action brought for the purpose of collecting a payment instrument, the payment of which is refused by the drawee because of lack of funds, lack of credit, or lack of an account, or where the maker or drawer stops payment on the instrument with intent to defraud, and where the maker or drawer fails to pay the amount owing, in cash, to the payee within 30 days after a written demand therefor, as provided in subsection (4), the maker or drawer is liable to the payee, in addition to the amount owing upon such payment instrument, for damages of triple the amount so owing. However, in no case shall the liability for damages be less than $50. The maker or drawer is also liable for any court costs and reasonable attorney fees incurred by the payee in taking the action. Criminal sanctions, as provided in s. 832.07, may be applicable.

Under Fla. Stat. § 68.065, "if payment of a check is refused by a drawee-bank for insufficient funds, a payee may bring a cause of action against the drawer for recovery of the amount of the check plus treble the amount of the check." F&A Dairy Prods., Inc. v. Imperial Food Distribs., Inc., 798 So. 2d 803, 803 (Fla. 4th DCA 2001). At least 30 days before suing, the plaintiff must deliver a written demand "by certified or registered mail, evidenced by return receipt, or by first-class mail, evidenced by an affidavit of service of mail, to the maker or drawer of the payment instrument to the address on the instrument, to the address given by the drawer at the time the instrument was issued, or to the drawer's last known address." Fla. Stat. § 68.065(4).

In this case, plaintiff, through counsel, sent defendants a demand for payment on October 19, 2017 via return receipt requested to plaintiff's place of business (the address on the check). (Doc. #24-1, pp. 7-10.) The demand included language to put defendants on notice that the check was dishonored, that they had 15 days to tender payment, and failure to pay in full could result in treble damages. (Id.) Defendants did not honor the check. Pursuant to the statute, the drawer has 30 days after a written demand to make payment, yet, plaintiff's letter demanded payment in 15 days. However, this does not affect the Court's analysis as to defendants' liability because more than 30 days passed from the time defendants were sent the letter and the filing of plaintiff's Complaint.

Here, the well-pleaded factual allegations of the Complaint, which are deemed admitted, as well as the Declaration and its exhibits, warrant the entry of default judgment. Defendants tendered a check to plaintiff for $2,400, but a stop payment had been placed. (Doc. #24-1, p. 8.) More than 30 days before suing, through a letter to Schossau sent by certified mail (receipt confirmed) to the address on the check, plaintiff demanded that Schossau honor the check and included the required language as set forth in Fla. Stat. § 65.065(4). (Doc. #24-1, pp. 7-10.) Under section 68.065, plaintiff is entitled to three times the amount of

the check, which is $7,200, as well as unpaid wages in the amount of $2,400.

**III.**

**A. Attorney's Fees**

Plaintiff seeks an award of $4,920 in attorney's fees. In support, plaintiff filed the Declaration of Bradley Rothman, as well as a timesheet. (Docs. ##24-3, 24-2.) The Declaration details counsel's background and experience, and an hourly rate of $350 per hour until 2017. Counsel now operates at a rate of $400 an hour due to the amount of experience he has gained since the Court previously approved his requested hourly rate of $350 per hour. (Doc. #24-4, ¶ 14.) This includes the litigation of a number of highly complex cases, some of which proceeded through trial. (Id.) Counsel expended 12.3 hours on this case. (Id., ¶ 20; Doc. #24-3.)

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The party seeking an award of fees should submit adequate documentation of hours and rates in support, or the award may be reduced. Id. In determining the reasonable amount of hours, the Court may conduct an hour-by-hour analysis or it may reduce the requested hours across the board, Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008), and the Court must eliminate excessive, unnecessary, and

redundant hours.  Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1301-02 (11th Cir. 1988).  A "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  Id. at 1299.  The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community.  Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984).  The prevailing market is the Fort Myers Division of the Middle District of Florida.  Olesen-Frayne v. Olesen, 2:09-CV-49-FTM-29DNF, 2009 WL 3048451, *2 (M.D. Fla. Sept. 21, 2009).

Having reviewed the time sheet (Doc. #24-3), the Court finds that the hours expended are reasonable, and while the hourly rate may be on the higher end of reasonable in the Fort Myers Division, it is not disputed by defendants.  The Court will grant $4,920 in reasonable attorney's fees as requested.

**B. Costs**

Plaintiff also seeks statutory costs. (Doc. #24-2.)  The plain text of the FLSA only provides for "costs of the action" to the prevailing party, which limits recovery to those statutory costs listed in 28 U.S.C. § 1821 and 28 U.S.C. § 1920.  Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988).  Counsel claims $400 for the filing fee.  The Court will allow the cost as

enumerated in 28 U.S.C. § 1920.  Therefore, the Court will award a total of $400 in statutory costs.

Plaintiff has not sought judgment as to her remaining claims (Counts III and IV) and the time to do so has expired, subjecting the claims to dismissal without prejudice for failure to prosecute. See M.D. Fla. R. 1.07(b).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Default Judgment (Doc. #24) is **GRANTED.** The Clerk shall enter default judgment in favor of plaintiff and against defendants as to Counts I, II, and V for unpaid wages in the amount of $4,048.35, plus $8,848.35 in liquidated and treble damages.  Attorney's fees are awarded in favor of plaintiff in the amount of $4,920, and statutory costs in the amount of $400.

2. Counts III and IV are dismissed without prejudice for failure to prosecute.

3. The Clerk is further directed to terminate all pending matters and to close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __5th__ day of September, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record